Re Rodriguez.

# IN THE MATTER OF APPLICATION FOR NATURALIZATION OF ENRIQUE BAEZ RODRIGUEZ.

San Juan, Naturalization, No. 1042.

NATURALIZATION.

Naturalization Act—Enforced Strictly.

1. It is the duty of a naturalization court to enforce the act of Congress strictly.

Rejection of Citizenship by Porto Rican—Regret Insufficient.

2. Where a native of Porto Rico unwisely rejected the opportunity offered him by the act of Congress to become an American citizen and saw fit to register his decision not to accept the same, which he had a right to do, subsequent regret of his action and his desire to be naturalized is not sufficient. There must be some special qualification, such as service in the Army or Navy, as provided by subsequent acts of Congress.

Opinion filed December 20, 1922.

*Mr. John L. Gay,* Acting United States District Attorney, for the United States.

*Mr. Ismael Soldevila* for applicant.

ODLIN, Judge, delivered the following opinion:

The present case is one full of interest and has rather pathetic elements. The applicant seems to be a man of intelligence and good address, speaking Spanish and English well,

Re Rodriguez.

and I have no doubt is morally entitled to the privileges of becoming a citizen of the United States. He was born in August, 1895, in Porto Rico, and therefore became twenty-two years of age shortly after the passage of the present Organic. Law.

But he allowed himself to be unwisely influenced by the small element in this Island declining the privileges of American citizenship; in other words, he was one of the 288 who registered their decision not to accept the rights and privileges conferred by the Jones Bill. Consequently he is now 27 years of age and has learned to regret his action taken in 1917, realizing the mistake that he made.

In June of this year he filed his application in the office of the clerk of this court and a very earnest and able plea on his behalf has been submitted to me by his attorney. I have given careful consideration to this matter, but I have come to the conclusion that I have no power to grant the application. I will briefly state my reasons.

The three cases chiefly relied upon by Mr. Soldevila are as follows:

First is Re Alverto decided by Judge Thompson of the United States district court of Philadelphia in 1912, reported in 198 Fed. page 688. Here was a case where the applicant previous to 1918 had rendered service as an enlisted man in the United States Navy, had been honorably discharged under his first enlistment, and at the time of the hearing was serving under a second enlistment. He was a Spanish subject on April 11, 1899, and under the Act of 1902 became a citizen of the Philippine Islands. But he was not a free white person and he was not a person of African nativity or descent; he was one

quarter white and three quarters Malay. My study of Judge Thompson's decision leads me to believe that the judge would have been glad to naturalize this man Alverto, but felt obliged to deny it. Therefore this opinion of Judge Thompson's cannot help the present applicant.

Counsel for Rodriguez relies also on a decision of Mr. United States Circuit Judge Morrow, which was entered at San Francisco in November of 1917, and the case is entitled Re Bautista, reported in 245 Fed. 765. Bautista, it appears, was a native Filipino, born in the Philippine Islands while they were under Spanish rule. Judge Morrow expressly refers, at page 769 of his own opinion, to the decision of Judge Thompson above referred to. This man Bautista enlisted in the United States Navy in 1908. This enlistment ended in December, 1912, and he received an honorable discharge; in March, 1913, he re-enlisted; at the end of this second enlistment he received a second honorable discharge; the following day he once more re-enlisted. Judge Morrow held that this case did fall within the Act of June 30, 1914, which authorized the naturalization without any previous declaration of intention of aliens who served an enlistment of not less than four years in the Navy and had been honorably discharged. He, therefore, granted the petition of Bautista.

The remaining case relied upon by Mr. Soldevila is a very interesting opinion rendered by my predecessor, the Honorable Peter J. Hamilton, in July of 1918, being Ex parte Ramirez, Naturalization case No. 860, reported in 10 Porto Rico Fed. Rep. 549. Ramirez was also one of the unfortunate 288 who rejected the offer of American citizenship within six months following the passage of the Jones Bill. But Judge Hamilton

Re Rodriguez.

specifically refers to the Act of Congress dated May 9, 1918, which provides that "any alien, *or any Porto Rican* not a citizen of the United States of the age of twenty-one years and upward, who has enlisted or entered, or may hereafter enlist in or enter, the armies of the United States . . . may, on presentation of the required declaration of intention, petition for naturalization." Ramirez was a soldier in the American Army and for that reason alone his petition was granted by Judge Hamilton.

Now the difference between the case of Ramirez and the case of the present applicant Rodriguez is that Ramirez was able to stand the physical examination and join the Army, whereas Rodriguez offered to enlist, but was rejected by reason of physical disability.

Therefore, I say that it seems to me that his moral claim is very strong, and it is to my mind a very unfortunate condition that I am obliged to deny his application by reason of something for which he is probably in no way to be blamed. Nevertheless, courts must be careful not to legislate. The whole theory of our government rests upon the doctrine that executive functions, legislative powers, and judicial duties must be kept entirely separate and distinct each from the other. If I were to grant the application of Rodriguez, I would be in effect inserting a clause in the act of Congress which is not found there. I would be virtually amending that act so as to broaden it and make it cover cases like the present, where members of the 288 offered to enlist, but did not actually serve.

It is, therefore, clear to my mind that this is a matter for Congress to remedy. The application must be denied.